IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SABRINA O'NEAL,<br><br>   Plaintiff,<br><br>v.<br><br>ARC HOSPITALITY GROUP, LLC<br>d/b/a HOME2 SUITES BY HILTON<br>ATLANTA-AIRPORT WEST,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

COMES NOW, Sabrina O'Neal ("Plaintiff" or "Ms. O'Neal"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant ARC Hospitality Group, LLC d/b/a Home2 Suites by Hilton Atlanta-Airport West ("Defendant") for violations of her rights under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (hereinafter the "FLSA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

The unlawful employment practices alleged in this Complaint were committed within this district.

4.

Defendant does business in and is engaged in commerce in the State of Georgia and is subject to jurisdiction over the claims asserted herein. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## PARTIES

5.

Plaintiff is a citizen of the United States of America, resident of the State of Georgia, and is subject to the jurisdiction of this Court.

6.

Ms. O'Neal was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 203(e).

7.

Ms. O'Neal was employed by Defendant as a receptionist for the front desk. Ms. O'Neal's job consisted of daily check outs of guests, assisting in-house with their needs, early check ins, and counting money at the end of the shift.

8.

Defendant is a private employer engaged in interstate commerce and its gross revenue exceeds $500,000 per year.

9.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent Raj Viradia, located at 204 Ridgeview Ct, Lagrange, GA 30240.

## FACTUAL ALLEGATIONS

11.

Ms. O'Neal began working for Defendant full time on or about August 9, 2021.

12.

Ms. O'Neal worked an amount of time that was more than forty (40) hours in a given workweek and was not paid overtime wage differential for all hours worked over forty (40) in such week.

13.

During Ms. O'Neal's employment with Defendant, Defendant permitted Plaintiff to work in excess of forty (40) hours in a given workweek without receiving overtime compensation for all overtime hours.

14.

Ms. O'Neal was paid $13.00 per hour.

15.

During the week of August 9 through August 20, 2021, Ms. O'Neal worked a total of ninety-nine (99) hours.

16.

On August 27, 2021, Ms. O'Neal was not paid straight or overtime for ten hours of work.

17.

On August 28, 2021, Ms. O'Neal asked Ms. Alicia Harris, the General Manger who handled payroll, to let her see her paycheck.

18.

When Ms. O'Neal and Ms. Harris pulled the payroll, Ms. O'Neal complained that she was not paid for ten hours of work.

19.

Ms. Harris stated that she would send it over to get fixed.

20.

Ms. O'Neal asked that the ten hours include her overtime pay as well.

21.

Ms. Harris responded, "It doesn't work like that."

22.

Ms. O'Neal then complained to Ms. Harris that she was owed overtime pay.

23.

On September 7, 2021, Ms. O'Neal called Ms. Harris to ask her if she had corrected the time and paid her overtime. Ms. Harris stated that she corrected the time but that she would not be paying her overtime for the ten hours.

24.

Ms. O'Neal again complained that she was owed ten hours of remaining overtime.

25.

Ms. Harris responded that she was busy and could not speak any more.

26.

On September 10, Ms. O'Neal was paid again.

27.

On September 11, Ms. O'Neal went into work and asked Ms. Harris about her paycheck again.

28.

Ms. Harris refused to let Ms. O'Neal see her paycheck.

29.

Ms. Harris then terminated Ms. O'Neal after saying "I told you, we are not going to pay overtime."

30.

Ms. O'Neal asked Ms. Harris why she was being fired.

31.

Ms. Harris could not provide Ms. O'Neal a reason for her termination.

32.

Ms. O'Neal requested a separation notice from Defendant that same day.

33.

Ms. O'Neal, on the same day of her termination, reported to the Regional Manager, Michael LNU, that she believed she was terminated for complaining about the denial of her overtime.

34.

On September 13, Ms. O'Neal requested her overtime pay.

35.

Defendant paid Ms. O'Neal her remaining overtime but never provided a separation notice.

36.

Although Defendant may now purport to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

## CLAIMS FOR RELIEF

### Count I: Violation of 29 U.S.C. § 215(a)(3)
### (FLSA Retaliation)

18.

Plaintiff repeats and re-alleges paragraphs 5-36 of this Complaint as if set forth herein.

19.

Plaintiff engaged in protected activity by complaining about denial of overtime that she objectively and subjectively reasonably believed constituted violations of the FLSA. Plaintiff therefore engaged in protected activity under the FLSA.

20.

Defendant responded to Plaintiff's protected activity by terminating her employment.

21.

29 U.S.C. § 215(a)(3) makes it unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA or has testified or about to testify in any such proceeding or has served or is about to serve on an industry committee.

22.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

23.

Defendant was prohibited from retaliating against Plaintiff because she engaged in activity protected under the FLSA.

24.

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

25.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

26.

Defendant's violations of the FLSA were willful and in bad faith.

27.

Plaintiff's statutorily protected activity was the determinative factor in Defendant's decision to terminate his employment.

28.

As a direct and proximate result of the retaliation, Plaintiff has sustained damages, including lost wages and emotional distress, for which she is entitled to recover from Defendant.

29.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) Grant Plaintiff a trial by jury as to all triable issues of fact;

(b) Enter judgment against Defendant and awarding Plaintiff lost wages and liquidated damages as provided by the FLSA, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and compensatory damages, including pain and suffering, and all other remedies allowed under the FLSA;

(c) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(d) Grant Plaintiff leave to add additional state law claims if necessary; and

(e) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 26th day of May, 2022.

**BARRETT & FARAHANY**

s/ *Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

Counsel for Plaintiff Sabrina O'Neal

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
grace@justiceatwork.com